## In re Anonymous No. 7 D.B. 76

Disciplinary Board Docket no. 7 D.B. 76.

ANDERSON, *Board Member,* September 15, 1977 — Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

Respondent was indicted in the United States District Court for the [ ] District of Pennsylvania on September 10, 1974, on two counts of Income Tax Evasion, in violation of Internal Revenue Code of August 16, 1954, 68A Stat. 851, as amended, 26 U.S.C.A. §7201, a felony which may be punishable by imprisonment of one year. He entered a plea of not guilty and was subsequently found guilty of both charges on June 26, 1975, by a jury presided over by the Honorable Judge [A]. On January 29, 1976, Judge [A] imposed a suspended sentence and

a fine of $8,000 on each count.

The matter was referred to the Disciplinary Board for the institution of formal proceedings by an order of February 9, 1976, signed by Chief Justice Benjamin R. Jones of the Supreme Court of Pennsylvania, pursuant to Rule 17-14(c) (Now Rule 214). Respondent was, under the same order, suspended from the practice of law until the determination of the extent of discipline to be imposed. On June 21, 1976, a petition for discipline was filed and served on July 13, 1976, charging respondent with violation of:

a. D.R. 1-102(A)(3) — A lawyer shall not engage in illegal conduct involving moral turpitude;

b. D.R. 1-102(A)(4) — A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

c. D.R. 1-102(A)(5) — A lawyer shall not engage in conduct that is prejudicial to the administration of justice; and

d. D.R. 1-102(A)(6) — A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

A request for a continuance was made by respondent until all of his appeals had been concluded. On August 15, 1976, a letter was sent to respondent granting same. An order was entered by the [  ] Circuit Court of Appeals on November 22, 1976, affirming the judgment of guilt in the District Court. Respondent notified disciplinary counsel of the court's decision and requested an expedited hearing by waiving the fifteen-day notice requirement. On December 8, 1976, the matter was referred to hearing committee [  ], composed of [  ]. [  ] disqualified herself for good cause. A hearing was conducted on December 15, 1976, at which time

respondent appeared as his own counsel and [   ], Esquire, assistant disciplinary counsel, appeared for petitioner. The hearing committee filed its report on March 30, 1977, recommending that respondent be suspended from the practice of law for a period of three years.

Respondent, on April 5, 1977, requested an additional 20 days to file his brief on exceptions. This was granted by Vice-Chairman Unkovic on April 12, 1977. Respondent's brief on exceptions and oral argument request was filed on April 21, 1977. Petitioner's brief opposing exceptions was filed on May 18, 1977. Oral argument was heard on June 24, 1977, before a panel of Disciplinary Board members consisting of John C. Anderson, Chairman, Raymond Pearlstine, Esquire, and Charles V. Henry, III, Esquire.

## II.   DISCUSSION

There is no question before the board in this matter other than the extent of the discipline to be imposed. The hearing committee adopted the evidence produced by petitioner, i.e., notice of judgment of sentence, docket entries, opinion of the trial judge, the trial transcript, and a copy of the order of the United States Court of Appeals for the [   ] Circuit affirming the conviction. None of this was objected to by the respondent.

Respondent was the only party to present evidence at the hearing in his behalf. He never questioned the validity of the conviction for tax evasion, but only offered facts to show that the "mens rea" to commit the offense was not present. He forwarded as his reason the intense domestic dispute he was involved in. This reasoning was meager in the face of the scheme by which his unreported taxable gains were acquired.

The prosecution of the tax case was on a "net worth" basis. It was conclusively shown that respondent's net worth had increased over his reported income, and the increased net worth came as a result of taxable income which had not been reported. The facts of the instant case show there were endorsements of settlement checks to respondent's broker and a subsequent increase in his proprietary holdings. These checks did not go through his regular firm or personal checking accounts and were therefore not included in his tax returns prepared by his accountants. Respondent did not bring these sums or acquisitions to his accountants' attention.

It is agreed with respondent when he states, "I'm not protesting I'm innocent. This conviction stands as a conviction of income tax." There is no question of this fact. There is also no question of this being an act involving moral turpitude. The excuse of domestic problems blinding respondent to the necessity of reporting the endorsed checks pales when confronted with the intricacy by which the sums were hidden. Respondent, by his own testimony at the hearing, reaffirms the correctness of the jury's decision.

It is not for the board to re-examine the decision of the jury in this matter, but at most to evaluate the case as did the hearing committee, to reach the proper discipline to be imposed. All efforts by respondent to direct the board's attention to the deficiencies of "net worth" cases are rejected. The board is cognizant of the well established principle in Pennsylvania, that moral turpitude is shown by the conviction for a crime which is punishable by more than one year, notwithstanding the particular facts of the case.

The hearing committee has recommended a suspension of three years. The board cannot agree with this punishment and cites as its authority the discipline imposed in, Office of Disciplinary Counsel v. [Anonymous], 42 D.B. 74; and Office of Disciplinary Counsel v. [Anonymous], 23 D.B. 73. In each of these cases, the offense was essentially the same as that of respondent. Also, in both there were circumstances present that made these cases worse than respondent's. In 42 D.B. 74, respondent was already under suspension for violations of the Canons as they dealt with improper solicitation, "ambulance chasing." In 23 D.B. 73, there was an attempt by respondent to avoid arrest for the tax charges.

Respondent has effectively served both his legal and personal community. His service to the [   ] Bar Association as assistant treasurer and as President of the [   ] Trial Lawyers Association, as well as other activities, must be given consideration and accrue to his benefit. There is no doubt as to his ability to practice law and effectively serve clients. He is a member of not only the Pennsylvania Bar, but also the California Bar. It should be pointed out that respondent moved to California in 1973, after passing the Bar there in 1972. He is currently under suspension there because of the instant proceeding in Pennsylvania. The suspension was effected in August 1976, upon notification of the Pennsylvania suspension. The main reason for the delay in completion of the instant proceeding was respondent's removal of himself from Pennsylvania.

Respondent has been punished by the notoriety, disgrace and loss of income necessitated by his illegal acts. It has effectively barred any return to practice in Pennsylvania. Additionally, he must

have a reinstatement hearing in California before he can return to the practice of law. Because of the full scope of respondent's punishment, the board feels that a proper period of suspension, nine months, with the right to immediately apply for readmission, be imposed.

## III. RECOMMENDATION

It is the recommendation of this board that respondent be suspended for a period of nine months, commencing from the date of his suspension by the Supreme Court, with the right to apply immediately for reinstatement.

Mr. Foley dissents and would recommend a six month suspension.

Mr. Unkovic concurs in a nine month suspension but would have the suspension start on the same date as the California suspension which was August 1976.

Mr. Reath did not participate in the adjudication.

## ORDER

EAGEN, *C.J.* — And now, October 14, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated September 15, 1977, is hereby rejected; and it is ordered that respondent, of [ ] County, be, and he is forthwith suspended from the practice of law for a period of two years; such suspension to be made retroactive to the order of suspension of this court dated February 9, 1976.